# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC**<br><br>                **Plaintiff,**<br><br>    v.<br><br>**GOOGLE INC.,**<br>**MICROSOFT CORPORATION,**<br>**AMAZON.COM, INC.**<br>**YAHOO! INC., AND**<br>**VIBRANT MEDIA, INC.**<br><br>                **Defendants.** | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against defendants Google Inc., Microsoft Corporation, Amazon.com, Inc., Yahoo! Inc., and Vibrant Media, Inc. (collectively "Defendants"):

## THE PARTIES

1. Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905. Walker Digital is a world-renowned research and development laboratory responsible for launching several successful businesses, including Priceline.com and Synapse, Inc.

2. On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043.

3. On information and belief, Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

4. On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business located at P.O. Box 81226, Seattle, Washington 98108.

5. On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089.

6. On information and belief, Defendant Vibrant Media, Inc. ("Vibrant") is a Delaware corporation with its principal place of business located at 75 Hawthorne Street, Suite 2000, San Francisco, California, 94105.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendants are subject to this Court's jurisdiction because Defendants have transacted business in this district, including, more specifically, directly and/or through intermediaries, making, using, importing, offering for sale and/or selling products and services in the State of Delaware (including via the provision of such goods and services over the Internet). Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District. In

addition, Google Amazon, Yahoo, and Vibrant are corporations organized and existing under the laws of the State of Delaware.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

10. On April 26, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,933,893 (the "'893 patent"), entitled "Method and System For Providing A Link In An Electronic File Being Presented To A User," to Jay S. Walker, Daniel E. Tedesco, John M. Packes, Stephen C. Tulley, Kieth Berner, Dean P. Alderucci, Marc D. Kessman, and James A. Jorasch, who assigned their rights and interests in the '893 patent to Walker Digital. A true and correct copy of the '893 patent is attached as Exhibit A.

11. Walker Digital is the owner of the '893 patent (the "Asserted Patent").

## FACTUAL BACKGROUND

12. Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property. Walker Digital is comprised of a diverse group of inventors who solve business problems by analyzing human behavior and designing innovative solutions incorporating modern information technologies. The novel inventions developed by the Walker Digital team are reflected in a portfolio of more than 200 U.S. and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.

13. Jay S. Walker, the chairman of Walker Digital, is a named inventor of more than 450 issued and pending U.S. and international patents, including each of the Asserted Patents. Mr. Walker is best known as the founder of Priceline.com, which revolutionized the travel industry through unprecedented technology, with the end result of bringing huge savings in

airfare, hotel and car rental rates, and other travel related goods and services to every-day consumers. The systems at the heart of Priceline.com's success were developed in the research and development laboratory of Walker Digital.

14.     Development of the inventions conceived by Mr. Walker and the Walker Digital team of inventors would not have been possible without substantial financial investments made by Walker Digital. Funds invested by Walker Digital have been used for many things, including the construction of laboratory facilities utilized to develop and test new inventions. Many of the inventions developed at the Walker Digital laboratories have led to successful businesses, including Priceline.com and Synapse, Inc. Revolutionary technologies, including the methods and systems for delivering advertisements to targeted consumers, as described and claimed in the Asserted Patent, were a direct result of investments made by Walker Digital.

15.     The Asserted Patent represents breakthroughs in the field of targeted advertising.

## COUNT I

### (Infringement of the '893 Patent)

16.     Walker Digital incorporates and realleges the allegations of paragraphs 1-15 as are fully set forth above.

17.     Upon information and belief, Google is infringing (literally and/or under the doctrine of equivalents) the '893 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Google Advertising Programs, which practice one or more of the claims of the '893 patent. For instance, upon information and belief, the Google Advertising Programs include defining a preference that associates a data pattern with a merchant, determining that content from a website matches the data pattern, modifying the content to include the merchant's advertisement, and presenting the modified content to the website user.

18. Upon information and belief, Microsoft is infringing (literally and/or under the doctrine of equivalents) the '893 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Microsoft Advertising service, which practice one or more of the claims of the '893 patent. For instance, upon information and belief, the Microsoft Advertising service includes defining a preference that associates a data pattern with a merchant, determining that content from a website matches the data pattern, modifying the content to include the merchant's advertisement, and presenting the modified content to the website user.

19. Upon information and belief, Amazon is infringing (literally and/or under the doctrine of equivalents) the '893 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its targeted product ads service, which practice one or more of the claims of the '893 patent. For instance, upon information and belief, Amazon's targeted product ads service includes defining a preference that associates a data pattern with a merchant, determining that content from a website matches the data pattern, modifying the content to include the merchant's advertisement, and presenting the modified content to the website user.

20. Upon information and belief, Yahoo is infringing (literally and/or under the doctrine of equivalents) the '893 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Smart Ads service, which practice one or more of the claims of the '893 patent. For instance, upon information and belief, the Smart Ads service includes defining a preference that associates a data pattern with a merchant, determining that content from a website matches the data pattern, modifying the content to include the merchant's advertisement, and presenting the modified content to the website user.

21. Upon information and belief, Vibrant is infringing (literally and/or under the doctrine of equivalents) the '893 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Vibrant In-Text Ads service, which practice one or more of the claims of the '893 patent. For instance, upon information and belief, the Vibrant In-Text Ads service includes defining a preference that associates a data pattern with a merchant, determining that content from a website matches the data pattern, modifying the content to include the merchant's advertisement, and presenting the modified content to the website user.

22. Defendants committed these acts of infringement without license or authorization.

23. As a result of Defendants' infringement of the '893 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

24. Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '893 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a) A judgment in favor of Walker Digital that Defendants have infringed, directly (either literally or under the doctrine of equivalents), and/or indirectly, by way of inducing and/or contributing to the infringement of one or more claims of the Asserted Patent;

(b) A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the Asserted Patent;

(c) A judgment and order requiring an accounting and for Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patent;

(d) A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Walker Digital, including, without limitation, pre-judgment interest;

(e) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(f) Any and all such other relief as the Court deems just and proper.

| | |
|---|---|
| April 26, 2011 | BAYARD, P.A. |
| Of Counsel: | /s/ *Richard D. Kirk*<br>Richard D. Kirk (rk0922)<br>Stephen B. Brauerman (sb4952) |
| Marc A. Fenster<br>California Bar No. 181067<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>Telephone: 310/826-7474<br>Facsimile: 310/826-6991<br>mfenster@raklaw.com | 222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>(302) 655-5000<br><br>Attorneys for Plaintiff Walker Digital, LLC |