IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC., MICROSOFT CORPORATION, AMAZON.COM, INC., YAHOO! INC., AND VIBRANT MEDIA, INC.,<br><br>        Defendants. | C.A. No. 11-369-RGA<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER, DEFENSES AND COUNTERCLAIMS OF VIBRANT MEDIA, INC. TO WALKER DIGITAL'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Vibrant Media, Inc. ("Vibrant Media"), by and through its undersigned counsel, hereby responds to Walker Digital, LLC's ("Walker Digital") Complaint For Patent Infringement ("Complaint") by admitting, denying, alleging and counterclaiming as follows:

### I. ANSWER

### THE PARTIES

  1. Vibrant Media denies that Walker Digital is a "world renowned research and development laboratory responsible for launching many successful businesses, including Priceline.com and Synapse, Inc." Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1 of the Complaint, and on that basis, denies those allegations.

2. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, denies those allegations.

3. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, denies those allegations.

4. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis, denies those allegations.

5. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies those allegations.

6. Vibrant Media admits that it is a Delaware corporation. Vibrant denies that its principal place of business at 75 Hawthorne Street, Suite 2000, San Francisco, California, 94105.

## JURISDICTION AND VENUE

7. Vibrant Media admits that Walker Digital's action purports to arise under the patent laws of the United States, Title 35 of the United States Code. Vibrant Media admits that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).

8. Vibrant Media admits that this Court has personal jurisdiction over Vibrant Media for purposes of this action and that Vibrant Media is incorporated in Delaware. Except as expressly admitted herein, Vibrant Media denies the allegations in Paragraph 8 of the Complaint directed at Vibrant Media. Vibrant Media is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 8 of the Complaint directed at other defendants, and on that basis, denies those allegations.

9. Vibrant Media admits that venue is proper in this district for purposes of this action, but denies that this is the most convenient venue for this action.

## THE ASSERTED PATENT

10. Vibrant Media admits that U.S. Patent No. 7,933,893 ("the '893 Patent"), attached to the Complaint as Exhibit A, is entitled "Method and System For Providing A Link In An Electronic File Being Presented To A User." Vibrant Media admits that the '893 Patent states on its face that it issued on April 26, 2011. Vibrant Media admits that Jay S. Walker, Daniel E. Tedesco, John M Packes, Stephen C. Tulley, Kieth Berner, Dean P. Alderucci, Marc D. Kessman and James A. Jorasch are named as inventors on the face of the '893 Patent. Vibrant Media denies that the '893 Patent was duly and legally issued by the United States Patent Office. Vibrant Media is without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Vibrant Media is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies those allegations.

## FACTUAL BACKGROUND

12. Vibrant Media denies that the '893 Patent claims any "novel inventions." Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 12 of the Complaint, and, on that basis, denies those allegations.

13. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and, on that basis, denies those allegations.

14. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and, on that basis, denies those allegations.

15. Vibrant Media denies the allegations in Paragraph 15 of the Complaint.

## COUNT I

### (Infringement of the '893 Patent)

16. In response to Paragraph 16 of the Complaint, Vibrant Media incorporates by reference and realleges Paragraphs 1 through 15 of this Answer, Defenses and Counterclaims as if fully set forth herein.

17. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and, on that basis, denies those allegations.

18. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and, on that basis, denies those allegations.

19. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and, on that basis, denies those allegations.

20. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and, on that basis, denies those allegations.

21. Vibrant Media denies the allegations of Paragraph 21 of the Complaint.

22. Vibrant Media denies the allegations in Paragraph 22 of the Complaint that are directed to Vibrant Media. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint that are directed to other Defendants, and, on that basis, denies those allegations.

23. Vibrant Media denies the allegations in Paragraph 23 of the Complaint that are directed to Vibrant Media. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint that are directed to other Defendants, and, on that basis, denies those allegations.

24. Vibrant Media denies the allegations in Paragraph 24 of the Complaint that are directed to Vibrant Media. Vibrant Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint that are directed to other Defendants, and, on that basis, denies those allegations.

## II. DEFENSES

In addition to the defenses described below, Vibrant Media expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE – NON-INFRINGEMENT

25. Vibrant Media has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '893 Patent.

### SECOND DEFENSE - INVALIDITY

26. The claims of the '893 Patent are invalid for failure to meet the conditions of patentability of 35 .S.C. § 101 et seq., including without limitation, §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE - ESTOPPEL

27. Walker Digital's claims are barred in whole or in part by the doctrines of waiver unclean hands, equitable estoppel, estoppel, and/or prosecution history estoppel.

### FOURTH DEFENSE — NOTICE

28. Walker Digital is barred from recovering damages for any alleged infringement that occurred prior to he filing of the Complaint by 35 U.S.C. § 287.

### FIFTH DEFENSE — IMPROPER JOINDER

29. Some or all of the defendants have been improperly joined in a single action and Vibrant Media asserts its right to a separate trial and/or to have the claims against it and its defenses otherwise determined in a separate proceeding.

### SIXTH DEFENSE — RECOVERY OF COSTS

30. Walker Digital is barred from recovering costs associated with its action by 35 U.S.C. § 288.

### SEVENTH DEFENSE — FAILURE TO STATE A CLAIM

31. Walker Digital's Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE — FAILURE TO STATE A CLAIM

32. Walker Digital's Complaint fails to state a claim of indirect infringement upon which relief can be granted.

## RESPONSE TO WALKER DIGITAL'S PRAYER FOR RELIEF

Vibrant Media denies that Walker Digital is entitled to any relief under the Complaint, including the relief requested in Paragraphs (a) through (f).  Vibrant Media has not infringed the '893 Patent, either literally or under the doctrine of equivalents or otherwise.  Walker Digital is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, or any type of recovery from Vibrant Media.  Walker Digital's prayer should, therefore, be denied in its entirety and with prejudice, and Walker Digital should take nothing.

## III. COUNTERCLAIMS

### THE PARTIES

1. Counterclaim Plaintiff Vibrant Media is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

2. On information and belief, Counterclaim Defendant Walker Digital is a Delaware limited liability company with its principal place of business in Stamford, Connecticut.

### JURISDICTION AND VENUE

3. These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and Federal Rule of Civil Procedure 13(a)(1).

4. Personal jurisdiction in this judicial district is proper under 28 U.S.C. § 1391(b) and (c), and Federal Rule of Civil Procedure 13(a)(1) because Walker Digital purports to be organized and existing under the laws of Delaware and availed itself of this Court to litigate its patent infringement claims against Vibrant Media.

## FIRST COUNTERCLAIM — DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,933,893

5. Vibrant Media incorporates by reference and realleges Paragraphs 1 through 32 of its Answer and Defenses and Paragraphs 1 through 4 of its Counterclaims as if fully set forth herein.

6. Vibrant Media counterclaims against Walker Digital pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13(a)(1).

7. In Paragraphs 16 through 24 of Walker Digital's Complaint, Walker Digital alleges that Vibrant Media is infringing one or more claims of the '893 Patent.

8. An actual controversy regarding the infringement of the '893 Patent exists between Counterclaim Plaintiff Vibrant Media and Counterclaim Defendant Walker Digital by virtue of the allegations of Walker Digital's Complaint and Vibrant Media's Answer. Absent a declaration of non-infringement, Counterclaim Defendant Walker Digital will continue to wrongfully assert the '893 Patent against Counterclaim-Plaintiff Vibrant Media, and thereby cause it irreparable injury and damage.

9. Vibrant Media is entitled to judgment that the '893 Patent is not infringed by Vibrant Media..

## SECOND COUNTERCLAIM — DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,933,893

10. Vibrant Media incorporates by reference and realleges Paragraphs 1 through 32 of its Answer and Defenses and Paragraphs 1 through 9 of its Counterclaims as if fully set forth herein.

11. Vibrant Media counterclaims against Walker Digital pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13(a)(1).

12. In Paragraphs 16 through 24 of Walker Digital's Complaint, Walker Digital alleges that Vibrant Media is infringing one or more claims of the '893 Patent.

13. An actual controversy regarding the validity and enforceability of the '893 Patent exists between Counterclaim Plaintiff Vibrant Media and Counterclaim Defendant Walker Digital by virtue of the allegations of Walker Digital's Complaint and Vibrant Media's Answer. Absent a declaration of unenforceability and/or invalidity, Counterclaim Defendant Walker Digital will continue to wrongfully assert the '893 Patent against Counterclaim-Plaintiff Vibrant Media, and thereby cause it irreparable injury and damage.

14. Vibrant Media is entitled to judgment that the '893 Patent is invalid and unenforceable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant/Counterclaim Plaintiff Vibrant Media hereby requests a trial by jury on all issues in this action that are properly subject to trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Vibrant Media prays for judgment as follows on Walker Digital's Complaint and on Vibrant Media's Answer and Counterclaims:

A. That the Complaint be dismissed with prejudice and that Walker Digital take nothing against Vibrant Media by the Complaint;

B. That judgment be entered in favor of Vibrant Media against Walker Digital on Walker Digital's Complaint;

C. For entry of an Order declaring each and every claim of the '893 Patent invalid, unenforceable, and not infringed by Vibrant Media;

D. For entry of an Order declaring that Walker Digital and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participating with them be restrained and enjoined from further prosecuting or instituting any action against Vibrant Media claiming that the '893 Patent is infringed, valid, and/or enforceable, or from representing that Vibrant Media's products or services, or that others' use thereof, infringe the '893 Patent;

E. An assessment of costs against Walker Digital, together with an award of such costs;

F. That this case be declared an exceptional case;

G. That Walker Digital be required to pay Vibrant Media's attorneys' fees pursuant to 35 U.S.C. § 285 and/or other applicable laws; and

H. That Vibrant Media be awarded such other and further relief as the Court may deem just and proper.

.

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| FOLEY & LARDNER LLP<br>Matthew B. Lowrie<br>Kevin M. Littman<br>111 Huntington Avenue<br>Suite 2600<br>Boston, MA 02199-7610<br>Tel: (617) 342-4006<br>Fax: (617) 342-4001<br>*mlowrie@foley.com*<br>*klittman@foley.com* | */s/ Monté T. Squire*<br>Adam W. Poff (No. 3990)<br>Monté T. Squire (No. 4764)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*msquire@ycst.com*<br><br>*Attorneys for Defendant Vibrant Media, Inc.* |

Dated: April 18, 2012

## **CERTIFICATE OF SERVICE**

I, Monté T. Squire, Esquire, hereby certify that on April 18, 2012, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk
>Stephen B. Brauerman
>BAYARD, P.A.
>222 Delaware Avenue, Suite 900
>Wilmington, DE 19899
>rkirk@bayardlaw.com
>sbrauerman@bayardlaw.com
>*Attorneys for Plaintiff*
>
>Richard L. Horwitz
>David Ellis Moore
>POTTER ANDERSON & CORROON, LLP
>1313 N. Market Street
>Hercules Plaza, 6th Floor
>Wilmington, DE 19899
>rhorwitz@potteranderson.com
>dmoore@potteranderson.com
>*Attorneys for Google Inc., Amazon.com Inc.*
>
>Lauren Murphy Pringle
>FISH & RICHARDSON, P.C.
>222 Delaware Avenue, 17th Floor
>Wilmington, DE 19899
>pringle@fr.com
>*Attorney for Microsoft Corporation*
>
>Jack B. Blumenfeld
>Rodger Dallery Smith, II
>Melissa L. Troutner
>MORRIS NICHOLS ARSHT & TUNNELL
>1201 North Market Street
>Wilmington, DE 19899
>jbbefiling@mnat.com
>rdsefiling@mnat.com
>mtroutner@mnat.com
>*Attorneys for Yahoo! Inc.*

01:12010297.1


2

I further certify that on April 18, 2012, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

                              YOUNG CONAWAY STARGATT
                                  &TAYLOR, LLP

                               */s/ Monté T. Squire*
                              Adam W. Poff (No. 3990)
                              Monté T. Squire (No. 4764)
                              Rodney Square
                              1000 N. King Street
                              Wilmington, DE 19801
                              msquire@ycst.com